NO. C-396-010432-1249395-A, 83,621-02

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 12 2015
AbelAcosta, Clerk

EX PARTE

LARRY JOE MORGAN

§
§
§
§
§
§
§
§
§

IN THE COURT OF

CRIMINAL APPEALS

CAPITOL STATION,

AUSTIN TEXAS

WR-83,621-02

## MEMORANDUM OF LAW

NOW COMES, LARRY JOE MORGAN, ("Applicant") with this Memorandum of Law in support of his writ of Habeas Corpus brought pursuant to Vernon's Texas Code of Criminal Procedure article 11.07,
SEEKING RELIEF TO VACATE THE CONVICTION BASE ON CONSTITUTIONAL GROUNDS.

### 1. HISTORY OF THE CASE

A Jury convicted Applicant of the crime of assualt with a deadly weapon to-wit a knife Texas Penal Code Section 9.31 and Sentened to 20 years. An appeal was taken in which appellant counsel cited violations of Applicant's United States Constitution 6th and 14th and Amendments Article 1, Section 10 of the Texas Constitution as failure use the 'Defense of Self-Defense [2] failure to investigate subpoena and interview the only eyewitness for Defense, and the States (SEVENTH COURT OF APPEALS) upheld the conviction on JUNE 4th, 2014 date opinion was rendered. Applicant filed a Petition for Discretionary Review with this Court on REFUSE 9-17-2014 and the Court refuse the Petition.

## ii ILLEGALITY OF RESTRAINT

Applicant is being illegally restrained in his liberty in the Texas Department of Criminal Justice at James A. Lynaugh Unit at 1098 S. Hwy. 2037 Cell-D-1-18-B Fort Stockton Texas, 79735. William Stevenson Director of Texas Department of Criminal Justice by virtue of a Judgment and Sentence Cause number 1249395D Styled The State of Texas Vs. LARRY JOE MORGAN Said Judgment because of errors of his Counsel.

## iii ISSUES RAISED IN APPLICATION

Applicant Contends the following: (1) he was deprived of the effective assistance of Counsel: (2) Suppression of Evidence: (3) Counsel's failure to investigate: (4) Newly Discovered evidence: (5) [a] Townsend Vs. Sain Violation; [b] Strickland V. Washington Violation; and [c] Brecht V. Abrahamson Violation: (6) he is actually innocent.

## iV INEFFECTIVE ASSISTANCE OF COUNSEL

In any post Conviction Collateral attack the burden of proof is on the Applicant to allege and prove facts, which if true will entitle him to relief. See Huffington V. Nuth 140 F.3D 572,580 (4th Cir 1998); Also See Pazden V. Mauder 424 F.3d 303 (Ca3 2005); See United States V. Taylor, 113 F.3d 1136,1140 (10th Cir 1997). The Standard of proof is by a preponderance of the evidence. See Ex Parte Dutchover 779 S.W. 2d 76 78 (Tex Crim. App. 1989); See also Ex Parte Crispen 777 S.W. 2d 103 109 N. 6 (Tex. Crim. App. 1989).

THE Applicant was deprived of effective assist-ance of trial counsel. A defendant's right to counsel is guaranteed by both the Federal and State Constitutions. See U.S. Const. Amend. VI, XIV; Tex Const art 1,§ 10 and 19 The U.S. Supreme Court has recognized that the "right to counsel is the right to the effective assistance of counsel" U.S. v. Jasin 215 F. Supp. 2d 552 (E.D. PA 2002). IN so doing the U.S. Supreme Court establised a two prong test to determine whether counsel is ineffective at the guilt/innocence phase of trail. First, the Applicant must show a deficient performance of counsel which requires showing that, considering all the circumstance and specific acts performed, counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, the Applicant must also show that the deficient performance i.e; counsel did not use Applicant's only Defense the (1) Defense of Self-Defense (2) counsel failure to investigate was erroneous errors of counsel prejudiced the defense by depriving the Applicant of a fair trial. See ID at 687. Unless the Applicant makes both showings, it

Cannot be said that the conviction resulted from ineffective assistance of counsel. See Id.

The Strickland test applies in Texas both for the guilt/innocence phase and for the punishment phase of the trial. See Hernandez V. State, 988 S.W. 2d 770, 772-73 (Tex Crim App 1993); Hernandez V. State, 726 S.W. 2d 53, 57 (Tex Crim App 1986). Essentially a Applicant must show (1) that his Counsel's representation fell below an objective standard of reasonableness based on prevailing norms; and (2) that there is a reasonable probability that but for his counsel's unprofessional errors the result of the proceeding would have been different. See Strickland, 466 US at 687; Hernandez, 726 S.W. 2d at 55, 57 (stating that the Texas standard for ineffective counsel parallels the federal standard). A reasonable probability is defined as probability sufficient to undermine confidence in the outcome. See Strickland, 466 U.S. at 687; Hernandez, 726 S.W. 2d at 55, 57; Miniel V. State, 831 S.W. 2d 310, 323 (Tex. Crim. App. 1992).

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result. See Strickland,

466 U.S. at 686. Proof of the ineffective Counsel's requires a showing of harm — that the ineffective Assistance of Counsel Contributed to the conviction or punishment or deprived the applicant's of a fundamental right. A Applicant must show omissions or other mistakes which amount to professional errors that raise a reasonable probability that the trial would be different but for the errors. See ID at 688. Furthermore, the Applicant must affirmatively prove prejudice as there is no assumption of prejudice unless no Counsel was provided at all. Ineffective Counsel can be found for many reasons but for the totality of the circumstances is viewed in determining the question. See e.g., Cannon v. State 668 S.W. 2d 401 (Tex. Crim App 1981).

Applicant contends that his trial Counsel was ineffective in the following ways: (1) by failure to assert a judicially recognized defense: (2) failure to investigate: (3) failure to interview and call witnesses: (4) failure to assert Self-Defense as the evidence's stood: (5) failure to have DNA testing: (6) failure to call Applicant's character References as requested: (7) failure to Subpoena 911 Caller who saw the events as they were taking place, and arresting officer Salazar.

Applicant attaches to this memorandum a proposed ("ORDER DESIGNATING ISSUES") to assist the court in gathering the evidence.

## Issue 1

THE CONVICTION IS UNCONSTITUTIONAL BECAUSE ("APPLICANT") DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SEC 10 AND 19 OF TEXAS CONSTITUTION

In this case, defense counsel committed several unprofessional errors and omissions which amounted to performance at a level below the acceptable objective standard of reasonableness for counsel in a criminal case. Applicant asserts the following errors and omissions as grounds for relief:

A. Counsel was constitutionally ineffective for failure to assert a defense:

Defense counsel must bring to bear his experience in assisting his client in a judicial proceeding. In fact, counsel is absolutely necessary because, "without the guiding hand of counsel a defendant may not know how to establish his innocence." Powell V. Alabama, 53 SCT 55 (1932).

"A defense may be recognized two ways: by the legislature or by the courts." See Vasquez V. State, 830 S.W. 2d 948, 951 (Tex Crim App 1992).

("Applicant") was a victim in this case, and it was errors of his attorneys who deprived the factfinder of the evidence to assert the defense of 'self defense.'

The Texas Penal Code statutorily provides for the assertion of Justification as a defense to criminal responsibility." Found at Penal Code § 9.31, entitled self-defense it states in relevant part:

"(a) Except as provided in Subsection (b) a person is justified in using force against another when and to the degree the actor reasonably beleves the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.

(c) The actor's belief that the force was immediately necessary as described by this subsection is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the force was used:

(2) was committing or attempting to comit ... robbery or aggrevated robbery:

(3) did not provoke the person against whom the force was used: and

(4) was not otherwise engaged in criminal activity other than a ..."

"Justification defense requires that the defendant reasonably believes that his conduct is immediately necessary to avoid a greater harm. A reasonable belief is one that would be held by an ordinary and prudent person." Mays V. State, 318 S.W. 3d 368, 385 (Tex Crim App 2010).

IN this case, ("APPLICANT") was a victim of an offense perpetrated against him. There were a witness who were not involved in the matter who observed the criminal misconduct that was directed at the Applicant. This witness was not called to trial. Furthermore, this witness Statements which were recorded by Fort Worth Police 911 at the moment the assault was taking place and was not entered in evidence by counsel during the proceeding which rendered the improper verdict.

Counsel brought the existence of the woman 911 Caller to Applicant attention before trial Saying She were Favorable. During Applicant heard her Saying applicant was being attacked also what I was wearing and what the Perpetrator were wearing before she said let her get around the corner so they can't see her then I recall the Prosecutor objecting then

Applicant's counsel struggle to stop the disc from Prosecutor's Lap top, before the two approached the bench, thats when the Court reporter, mrs Shannon said, twice I can't hear you to Counselors.

Had Counsel's called and introduced into evidence the testimony, and the records of the responding authority, and asserted the Defense of Self-defense, then the factfinder could have Considered this in reaching a verdict in this matter. As it was counsel's failures deprived the applicant of entering this plausible and factually accrate information to the Jury and requested a Jury instruction on the statutorily entitled defense of self-defense. It cannot be a reasonable attorney who fails to assert the facts surrounding the circumstances which brought the action to fruition As Such, ("Applicant") was deprived of a Jury's consideration of an acquittal of applicant based upon this legislative enacted defense.

(This conclude my memorandum of Law).

## PRAYER

Applicant prays thats this court looks upon all the intended fact that has been presented herein and grant his writ Habeas Corpus.

Larry Morgan PROSE

## VERIFICATION

I, LARRY JOE MORGAN, TDCJ-ID# 1847262 being Presently incarcerated at the JAMES A. LYNAUGH unit of TDCJ declare under penalty of perjury that the foregoing Facts are true and Correct.

_Larry Morgan_ PRO SE

LARRY JOE MORGAN
DOB 08-07-1960
1098 S. HWY 2037-D-1-18-B
Fort Stockton Texas 79735

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON OCTOBER 7TH, 2015, A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING DOCUMENT MEMORANDUM OF LAW WAS PLACE IN A CORRECTION OFFICER HAND TO MAIL TO P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

_Larry Morgan_ PRO SE